HARTMAN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.  May 19, 1904.)

1. APPEAL—FINDINGS OF TRIAL COURT.
The appellate court will be slow to reverse a judgment of the trial court for defendant where the only evidence was the uncorroborated testimony of the plaintiff.

2. STREET RAILROADS—PERSONAL INJURIES—EVIDENCE.
That plaintiff did not bring his suit against a street railway con.,any for personal injuries which were alleged to be very serious until several weeks after the accident, though one of the attorneys was plaintiff's nephew, and that the amount demanded was entirely inadequate to the injury alleged, tended to justify a judgment in defendant's favor based on the uncorroborated testimony of the plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Solomon Hartman against the Interurban Street Railway company.  From a judgment for defendant, plaintiff appeals.  Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Grauer & Rathkopf, for appellant.

Henry W. Goddard and William E. Weaver, for respondent.

SCOTT, J.  Although the defendant called no witnesses, the justice rejected and disbelieved the plaintiff's testimony, which was wholly uncorroborated, so far as concerns the happening of the accident.  The justice had the benefit of an opportunity to judge from the plaintiff's manner and appearance whether he was entitled to be believed.  Under such circumstances, we should, in any case, be slow to reverse a determination deliberately arrived at.  Even on the face of the evidence there are certain peculiarities which tend to justify the judgment.  According to the plaintiff and his physician, the injuries were very serious—much more so, indeed, than would ordinarily result from such an accident as the plaintiff describes.  Notwithstanding the nature of the injuries, and the fact that one of the attorneys is the plaintiff's nephew, it did not occur to plaintiff to sue at all until several weeks after the accident, and then he contented himself with bringing suit for less than $250—a most inadequate amount of damages for such injuries as he says he suffered.  On the whole, we find no reason for reversing the judgment, which is affirmed, with costs.

Judgment affirmed, with costs.  All concur.